REAVIS et al. v. INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCALS 898, 920 and 1044 A F C et al.

Civ. No. 600.

United States District Court
N. D. Texas, Wichita Falls Division.

Dec. 18, 1951.

Richard D. Bird, Childress, Tex., Paul W. Griffin, pro se, and William P. Fonville, Dallas, Tex., for plaintiffs.

Duane Beeson, Washington, D. C., for National Labor Relations Board.

L. N. D. Wells, Jr., Dallas, Tex., for defendants.

ATWELL, District Judge.

The plaintiffs sought relief in a suit filed by them in the state district court of Hardeman County because of alleged damages that would accrue to them by a decision of the National Labor Relations Board with respect to certain bargaining agents. That decision became final in accordance with the statutory requirements of the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq.

The defendants removed the case to this court.

At argument in open court, it is conceded by both the plaintiffs and the defendants that the case arises under the provisions of the Taft-Hartley Act, and that it concerns interstate commerce.

■ Upon a hearing of motions made by both the plaintiffs and the defendants, the plaintiffs' motion being for remanding to the state court, was, of course, taken up first.

That motion presented the thought that this court is without jurisdiction to hear the controversy because of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., which deprives the federal courts of jurisdiction to interfere by injunction except in a limited class of cases.

The case at bar comes within the exceptions and this court does have jurisdiction because of the matter involved, and because the exceptions to that Act do not preclude jurisdiction here.

That motion may, therefore, be overruled.

Second

■ The defendants' motions, respectively, present two different matters. (a) The contention that the cause arose under the Taft-Hartley Act as heretofore stated, which specifically vests in the National Labor Relations Board jurisdiction over the controversy presented which is between employees who are dissatisfied with bargaining agents that have been chosen in accordance with the Act. (b) That the Board having acted preliminarily and finally upon such protest and dissatisfaction, requires this court to dissolve the injunction granted by the state court and to dismiss the action.

What I have said already, indicates that this court does have jurisdiction. The Taft-Hartley Act is a congressional law, passed for the protection of interstate commerce, and for the protection and conservation of the rights of both employer and

544

employee. Therefore, there is jurisdiction.

Jurisdiction is the power to act upon a controversy. Such power may not be exercised without jurisdiction. That power being present because of the two matters suggested, to-wit, interstate commerce and the Taft-Hartley Act, the court now must act upon the suggestion and contention of the defendants that the state court had, and, this Court has no right to act.

The state court injunction is dissolved and the cause is dismissed.